UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIA PATRICE GRIFFIN,<br><br>             Plaintiff,<br><br>    vs.<br><br>J-RECORDS, CARMEN J. ROMANO, as Executor of the Estate of LUTHER VANDROSS, and RICHARD MARX,<br><br>             Defendants. | NO.  CV-04-226-LRS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

**I.   INTRODUCTION**

This matter is before the Court on the motion of Defendants J-RECORDS, CARMEN J. ROMANO, as Executor of the Estate of LUTHER VANDROSS, and RICHARD MARX for summary judgment, Ct. Rec. 44, filed October 11, 2005. Defendants requested an oral hearing which took place on November 10, 2005 in Yakima, Washington, with *pro se* Plaintiff Tia Patrice Griffin appearing telephonically and Defendants represented in person by Gerald Kobluk.

Plaintiff Tia Griffin is the owner of registered copyright SRu 339-822 which pertains to a song titled "Heart of Gold."  Plaintiff wrote this song in 1995 when she resided in Los Angeles, California.[1]  In the process of arranging and recording this song, plaintiff employed the

---

[1] First Amended Complaint, ¶1.

ORDER - 1

services of a musician and member of the Musicians Union Local 47 in Hollywood, California. It is alleged that Defendant Richard Marx also belongs to this union[2]. Plaintiff then received a registered copyright, SRu 339-822, for the sound recording "Heart of Gold" in 1996.[3] After receiving her copyright registration, Plaintiff widely distributed copies of her sound recording to numerous record companies, artists, and agents; plaintiff performed "Heart of Gold" in public; and "Heart of Gold" was played on local Los Angeles radio stations.[4] Plaintiff suggests that these opportunities provided access to her work. See Letter dated and filed September 24, 2004, including flow chart titled "Musicians Circulation and Possible Access."

Defendants Vandross and Marx claim to have written the allegedly infringing song at issue, "Dance With My Father," ["Dance"] between January and February 2003. Defendant Marx states that he initially wrote his contribution to the song "Dance" at his home studio in Illinois and then sent his contribution to defendant Vandross in New York. Defendant Vandross recorded "Dance" in February 2003 at The Hit Factory in New York City. See Affidavit of Romano, ¶3. In February 2004, Defendant Vandross (now deceased) and Marx won the Song of the year GRAMMY® Award for "Dance."

Plaintiff states that "Heart of Gold" contains a distinctive seven-notes rising and cascading lyrical melody that forms the heart of her musical work. Amended Complaint, ¶1. Plaintiff states that this

---

[2] Plaintiff's Amended Complaint, ¶1.

[3] *Id.*

[4] Plaintiff's Amended Complaint, ¶1.

ORDER - 2

recapitulating sequence or musical line is played at an *Andante* tempo and arranged with an upper register string orchestration and piano-type instrument accompaniment[5]. *Id*.

Plaintiff complains that "Dance" contains an identical recapitulating sequence of notes (transposed in a minor third), employs the same pulse and rhythmic pattern in an identical register, with an identical orchestration arrangement.[6] *Id*.

**II. LEGAL STANDARDS FOR SUMMARY JUDGMENT**

A Court will grant summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party seeking summary judgment must show that no genuine issue of material fact exists and that the Court should grant judgment as a matter of law. *Celotex Corp. V. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). The Court must construe all facts and all justifiable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255.

The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial.

---

[5] The court presumes Plaintiff is referring to the Non-Deposit Copy. The court notes that the Deposit Copy deposited with the Copyright Office in an effort to obtain a certificate of registration consists only of Plaintiff singing *a cappella*, without accompaniment. Kobluk Decl., Exh. A. The Deposit Copy differs significantly from the copy produced in this action (Non-Deposit Copy) which contains full instrumental accompaniment and orchestration. Id.

[6] Again, the court presumes Plaintiff is referring to the Non-Deposit Copy rather than the Deposit Copy.

ORDER - 3

*Celotex*, 477 U.S. at 324; *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978). The non-moving party may use affidavits, depositions, answers to interrogatories, and admissions to do this. *Celotex*, 477 U.S. at 323-24. The court must enter summary judgment against a party who fails to make a showing sufficient to establish an essential element of a claim, even if genuine factual disputes exist regarding other elements of the claim. *Id*. At 322-23. No issue for trial exists unless sufficient evidence favors the non-moving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249. Thus, a scintilla of evidence in support of the non-moving party's position will not suffice. *Id*. at 252.

    At the summary judgment stage the Court's function is not to weigh the evidence, judge credibility, or in any way determine whether there is a genuine issue for trial. *Id*. at 249. Essentially the inquiry is "whether the evidence presents a sufficient disagreement to require submission to [a fact finder] or whether it is so one sided that one party must prevail as a matter of law." *Id*. at 252.

    As a general rule, summary judgment is not highly favored on the substantial similarity issue in copyright cases. See *Litchfield v. Spielberg*, 736 F.2d 1352, 1355 (9th Cir. 1984)("Substantial similarity is usually an extremely close issue of fact and summary judgment has been disfavored in cases involving intellectual property."); *Jason v. Fonda*, 526 F.Supp. 774, 777 (C.D.Cal.1981), incorporated by reference, 698 F.2d 966 (9th Cir.1982) ( "Substantial similarity in copyright infringement actions is a question of fact uniquely suited for determination by the trier of fact."). Other cases indicate that the issue of substantial similarity may be decided as a matter of law. See *Litchfield*, 736 F.2d

ORDER - 4

at 1358 (upholding summary judgment on ground that no reasonable jury could find substantial similarity); *See v. Durang*, 711 F.2d at 142 (same); *Berkic v. Crichton*, 761 F.2d 1289 (9th Cir. 1985); *Wickham v. Knoxville Int'l Energy Exposition*, 739 F.2d 1094 (6th Cir.1984) ("a court may compare the two works and render a judgment for the defendant on the ground that as a matter of law a trier of fact would not be permitted to find substantial similarity").

**III. SUMMARY OF THE PARTIES' POSITIONS**

Defendants argue that Plaintiff does not claim Defendants misappropriated part of a recorded performance of her work. Ct. Rec. 46, at 3. Rather, Plaintiff's only claim is that a seven-note sequence contained in the "Dance" musical composition (and, necessarily, in Vandross's recorded performance of "Dance"), is similar to a portion of a musical phrase contained in the "Heart of Gold" musical composition. Id.

Defendants state that Plaintiff's claim fails as a matter of law. Id. Defendants assert that the portion of "Heart of Gold" alleged by Plaintiff as having been copied is not original to her work and is found in numerous musical works throughout history. Id. Specifically, Defendants state that this portion is the opening phrase from the Beatles' song "With A Little Help From My Friends";[7] "Walk Away Renee; Beethoven's "Ode to Joy;" Beethoven's "Mit einem gemalten Band;" Bach's "Chorale #49;" and other various German folk songs pre-dating the 18th Century. Id. Defendants conclude that the only matter at issue in this case is a seven-note melodic sequence that is a *scenes a faire*, and is

---

[7] The portion identified has the underlying lyrics "What would you think if I sang [out of tune]?"

ORDER - 5

not subject to copyright protection. Id.

Defendants move for summary judgment based on an expert report from Dr. Lawrence Ferrara. Defendants' expert musicologist Dr. Ferrara compared Defendants' song "Dance With My Father" to Plaintiff's ""Heart of Gold" that she provided to counsel and *ex parte* to the court (Non-Deposit Copy) and Plaintiff's "Heart of Gold," sung *a cappella*[8] and as filed with the United States Copyright Office (Deposit Copy). Dr. Ferrara opines that Heart of Gold and Dance With My Father are neither strikingly or substantially similar. Ct. Rec. 47, Exh. A at 1. Specifically, Dr. Ferrara notes in his report that the two songs differ in the following components: (1) Structure; (2) Harmony; (3) Rhythm; (4) Melody. Ferrara's Expert Report, at pp. 4-8.

Plaintiff prepared a response to Defendants' Summary Judgment Motion (Ct. Rec. 58, filed on November 2, 2005), submitted an unsigned summary from her expert David Asplin.[9] Plaintiff also submitted a musical response in the form of a cassette (Ct. Rec. 59) comparing each of the songs that Defendants' expert discussed in Defendants' expert report,

---

[8] This means sung without accompaniment.

[9] Plaintiff submitted Mr. Asplin's expert report to defense counsel, who in turn, provided the court with the report attached to Mr. Kobluk's Declaration in support of Defendants' Summary Judgment Motion. Defendants object to Plaintiff's expert report as failing to meet the requirements of Fed.R.Civ.P. 26(a)(2)(B) in that it does not provide a complete statement of "the data or other information considered by him in forming his opinions, a list of publications authored by him, or his compensation. Additionally, Mr. Asplin has failed to sign his report. The court acknowledges Rule 26(a)(2)(B) provides that the expert's report "shall contain a complete statement of all opinions to be expressed and the basis and the reasons thereof." Fed.R.Civ.P. 26(a)(2)(B). However, the court considered Plaintiff's unsigned, unsworn and generally deficient report in an effort to liberally construe the *pro se* Plaintiff's pleadings and submissions in this case.

ORDER - 6

which she filed with the court on November 2, 2005. Plaintiff maintains that "Defendants copied her original creation and used this creation format in the heart of their song." Ct. Rec. 58, at [pages unnumbered].

**IV.  COPYRIGHT ACT CLAIM ANALYSIS**

   **A. Requirements To Enforce An Infringement Claim**

In order to enforce an infringement claim against another, registration is a prerequisite. 17 U.S.C. §§ 410, 411. Such registration is not, however, a condition of copyright protection. 17 U.S.C. § 408(a). Once a copyright is applied for, a deposit is made, and the Register of Copyrights has issued a certificate, an action for infringement may be made. 17 U.S.C. § 411.

"Under our copyright law, the registration of the copyright certificate itself establishes a prima facie presumption of validity of the copyright in a judicial proceeding...." *North Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir.1992); *See also Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488-89 (9th Cir.2000) ("Registration is prima facie evidence of the validity of a copyright.").

Defendants concede at the hearing that Plaintiff's certificate of registration in the sound recording for ""Heart of Gold" covers the underlying musical work embodied in the sound recording.[10] Defendants do not dispute the validity of Plaintiff's certificate of registration.

/ / /

/ / /

---

[10] See 17 U.S.C. § 408(c)(1) and 37 C.F.R. § 202.3(b)(3)(i) which indicate that under the facts of this case, the sound recording can cover underlying musical compositions where the claimant is the same.

ORDER - 7

**B. Infringement of the Copyright in the Sound Recording**

Sound recordings[11] and their underlying musical compositions are separate works with their own distinct copyrights. See 17 U.S.C. § 102(a)(2), (7). "When a copyrighted song is recorded on a phonorecord, there are two separate copyrights: one in the musical composition and the other in the sound recording." *T.B. Harms Co. v. Jem Records, Inc.*, 655 F.Supp. 1575, 1576 n. 1 (D.N.J.1987). *See also BTE v. Bonnecaze*, 43 F.Supp.2d 619, 627 (E.D.La.1999); *Jarvis v. A & M Records*, 827 F.Supp. 282, 292 (D.N.J.1993) ("Under the Copyright Act, there is a well-established distinction between sound recordings and musical compositions."). The rights of a copyright in a sound recording do not extend to the song itself, and vice versa. *BTE*, 43 F.Supp.2d at 627; T.B. Harms, 655 F.Supp. at 1576 n. 1.

Copyright in a sound recording does not give the same scope of exclusive rights as for other types of copyrighted works. There is no right of performance in a sound recording[12], and the exclusive right of reproduction is limited to the right to duplicate the sounds in a form "that directly or indirectly recaptures the actual sounds fixed in the recording."[13] A sound recording copyright does not give a right to prevent others from making an independent fixation of sounds that

---

[11]The Copyright Act defines sound recordings as "works that result from the fixation of a series of musical, spoken, or other sounds, but not including the sounds accompanying a motion picture or other audiovisual work, regardless of the nature of the material objects, such as disks, tapes, or other phonorecords, in which they are embodied." 17 U.S.C. § 101. Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights. See 17 U.S.C. § 102(a)(2), (7).

[12]17 U.S.C.A. § 114(a).

[13]17 U.S.C.A. § 114(b).

ORDER - 8

"imitate or simulate" those in the copyrighted sound recording.[14] Thus, the remedy of the owner of a sound recording copyright is largely limited to proceeding against the tape or record "pirate" who without permission makes a reproduction of the actual sounds in a protected recording.[15]

The Copyright Law states that "[t]he exclusive rights of the owner of copyright in a sound recording under clauses (1) and (2) of section 106 do not extend to the making or duplication of another sound recording that consists entirely of an independent fixation of other sounds, even though such sounds imitate or simulate those in the copyrighted sound recording." 17 U.S.C.A. § 114(b). Inherent in this language is the concept that each "independent fixation" is itself copyrightable, regardless of how similar it sounds to its predecessor fixations. Because of this, there are no reported decisions in which the copyrightability of a registered sound recording has been challenged on the grounds of lack of originality.

Likewise, the requirement that a work be fixed in a tangible medium has also not been the subject of litigation when the subject of the action is a sound recording. It is the act of affixing the work that creates the sound recording, thus the existence of the sound recording at issue demonstrates the fulfillment of this requirement.

Defendants argue that there is no infringement of the sound

---

[14] 17 U.S.C.A. § 114(b). A performing group that make a recording that attempts to imitate the style of another performing group's recording does not violate any rights in a sound recording copyright. H. Rep. No. 94-1476, p. 106 (Sept. 3, 1976).

[15] However, rights include the exclusive right to make a derivative work in which the sounds are "rearranged, remixed, or otherwise altered in sequence or quality." 17 U.S.C.A. § 114(b).

ORDER - 9

recording in this instance as the alleged copyright infringement claim is not based upon sampling, nor is there any allegations of any similar conduct[16]. The court agrees with Defendants. The issue before the court, therefore, is whether Defendants' song "Dance" infringes upon Plaintiff's copyright in the musical composition for "Heart of Gold."

Defendants have submitted, a report of their expert musicologist, Dr. Ferrara, containing a comparative analysis and conclusions regarding whether the allegedly infringing work is substantially similar to the original work. Dr. Ferrara concludes that the two works are not substantially similar and the portion that is similar, is a seven-note melodic sequence that is in the public domain. In Plaintiff's initial expert report, Dr. David Asplin fails to indicate if he examined the Deposit Copy of ""Heart of Gold" or the Non-Deposit Copy. Dr. Asplin does not address whether "Dance" is substantially similar to ""Heart of Gold" or whether the purported similarities represent expression that is original to her. Additionally, Plaintiff, has failed to provide a rebuttal expert report, or otherwise present competent testimony contesting the conclusions of expert musicologist Dr. Ferrara.

**V.  CONCLUSION**

The court cannot, based on the evidence before it, find that Plaintiff's registered sound recording copyright, SRu 339-822 was infringed. There is no evidence that the actual sound recording was used without authorization or misused. There is no evidence to rebut Dr.

---

[16] Indeed, Plaintiff does not allege Defendants have reproduced, distributed, or performed the sound recording publicly by means of a digital audio transmission without authorization or that the actual sound recording has been used without authorization. The only aspect of a sound recording that copyright protects is misuse or unauthorized use of the actual recording. 17 U.S.C.A. § 114.

ORDER - 10

Ferrara's conclusion that "Dance" is not substantially similar to and is not strikingly similar to the musical composition for "Heart of Gold."

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment, **Ct. Rec. 44**, filed October 11, 2005 is **GRANTED** and judgment is awarded to Defendants on the claims for federal copyright infringement liability.

**IT IS SO ORDERED**. The District Executive is directed to enter judgment accordingly, forward copies of the judgment and this order to counsel, *pro se* plaintiff and close this file.

**DATED** this____10th____day of November, 2005.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 11